UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Marcellus Wright,<br><br>          Plaintiff,<br><br>v.<br><br>Ally Financial, Inc.,<br><br>          Defendant. | Civil Action No.: 4:13-cv-03545<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Marcellus Wright, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Marcellus Wright ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

4. The Defendant, Ally Financial, Inc. ("Ally"), is a Michigan business entity with an address of 200 Renaissance Center, Detroit, Michigan 48265-2000, and is a "person" as defined by 47 U.S.C. § 153(10).

**FACTS**

5. Within the last four (4) years, Defendant contacted Plaintiff by placing as many as four (4) calls daily to Plaintiff's cellular telephone.

6. The calls from Defendant originated from the following telephone numbers, including but not limited to, (888) 803-XXXX.

7. At all times mentioned herein, Defendant placed calls to Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS") and/or by using an artificial and/or prerecorded voice.

8. Upon answering Defendant's ATDS calls, Plaintiff heard a prerecorded message directing him to hold for the next available agent.

9. At all times, Defendant placed calls in an attempt to obtain an automobile loan payment.  Defendant placed such calls to Plaintiff beginning on the 4th of each month, when Plaintiff's payment was due.

10. When Plaintiff was able to speak with live representatives, he repeatedly informed Defendant that he had a grace period until the 15th of each month in which to make the payment and the ATDS calls were unnecessary as he was not yet overdue.

11. Plaintiff also informed Defendant the ATDS calls were extremely disruptive to him while he was at work and requested Defendant cease all ATDS calls to his cellular telephone.

12. Despite such requests, Defendant continued to hound Plaintiff with ATDS calls to his cellular telephone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice.

15. To the extent Defendant ever had consent to contact Plaintiff on his cellular telephone, Plaintiff effectively revoked his consent to be contacted by Defendant in such manner by his repeated demands to Defendant that all ATDS calls cease.

16. Regardless, Defendant continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq.*

20. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 4, 2013

Respectfully submitted,

By: __/s/ Jody B. Burton_____

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424